# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **RASHEED ROBINSON,** | ) | |
| Petitioner, | ) | Civil Action No. 7:18CV270 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **M. BRECKON, Warden,** | ) | By: Norman K. Moon |
| Respondent. | ) | United States District Judge |

Rasheed Robinson, a federal inmate proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The government sought and received a stay from this court pending the Supreme Court's decision as to whether to grant the petition for certiorari in *United States v. Wheeler*, 886 F.3d 415 (4th Cir. 2018). (Dkt. Nos. 7, 12.) That stay was lifted in April 2019, and Respondent filed his response to the petition and a motion to dismiss. (Dkt. No. 17.) In it, Respondent moves to dismiss the petition in its entirety, arguing that the court lacks jurisdiction over the petition. After receiving one extension of time to respond, Robinson filed two additional motions docketed as motions for extension of time. He has since filed a response (Dkt. No. 25), which I have considered. He also filed a document (Dkt. No. 21) in which he requests to withdraw his first claim and asks to hold the remaining claim in abeyance pending the outcome of his 28 U.S.C. § 2255 motion, which was then pending in the United States District Court for the Middle District of Florida.

For the reasons set forth herein, I conclude that jurisdiction is lacking over Robinson's § 2241 petition and will therefore dismiss it without prejudice. The remaining motions will be dismissed without prejudice as moot.

I.

Robinson is currently serving a 262-month sentence imposed on June 12, 2009 by the Middle District of Florida in *United States v. Cover, et al.*, Case No. 8:06cr366 (M.D. Fla.). The

sentencing court found that Robinson was a career offender under United States Sentencing Guideline § 4B1.1, based on his prior convictions for two felony controlled substance offenses: a 1997 Virginia conviction for possession with intent to distribute more than five pounds of marijuana and a 1998 California conviction for possession of marijuana for sale. (Dkt. No. 17-1, ¶ 73.)

Robinson's petition, as currently before me, raises two claims. Each one asserts that one of the predicate convictions the sentencing court used to find him a career offender no longer qualifies as a predicate offense and thus that his sentence should be vacated. One claim challenges his Virginia conviction, which he contends is no longer a proper predicate pursuant to *Mathis v. United States*, 136 S. Ct. 2243 (2016). The other claim asserts that his California conviction is no longer a proper predicate because a California court vacated and reclassified his conviction as a misdemeanor on July 13, 2018, by operation of Proposition 64.[1]

In response to the Respondent's motion to dismiss, Robinson asked that he be allowed to withdraw without prejudice his claim based on the California conviction, and hold in abeyance his claim regarding the Virginia conviction pending a decision in his pending § 2255 motion. Respondent filed a response, indicating that he did not oppose the withdrawal of the California claim. Accordingly, I will allow the withdrawal of that claim. Notably, though, subsequent to the briefing of the withdrawal and abeyance requests in this case, the sentencing court denied Robinson's § 2255 motion, addressing and rejecting on the merits his claim concerning his California conviction. *Robinson a.k.a. Ashmeade v. United States*, Case No. 8:19-cv-1467-T-

---

[1] Robinson's sentencing court described Proposition 64 as "an initiative approved by California voters allowing a court to redesignate a marijuana felony conviction to a misdemeanor." *Robinson a.k.a. Ashmeade v. United States*, Case No. 8:19-cv-1467-T-26TGW, Dkt. No. 8 at 2 (M.D. Fla. Aug. 15, 2019) (denying Robinson's § 2255 motion).

26TGW, Dkt. No. 8 (M.D. Fla. Aug. 15, 2019). Given that decision, moreover, Robinson's request for an abeyance is moot.

In light of that background, and based upon agreement of the parties, I will not consider Robinson's claim based on his California conviction. As I explain next, Robinson's remaining challenge, based on *Mathis*, is not properly before this court because it does not fall within the savings clause and cannot be brought in a § 2241 petition.

II.

Typically, a petitioner challenging the validity of his conviction or sentence must proceed under 28 U.S.C. § 2255 in the district where he was convicted. However, the "savings clause" in § 2255 allows a prisoner to challenge the validity of his conviction and/or his sentence by filing a § 2241 petition for writ of habeas corpus, if he demonstrates that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). In *Wheeler*, the Fourth Circuit explained that where a petitioner is challenging the legality of his sentence (as opposed to his conviction), § 2255 will be deemed "inadequate or ineffective" only when all of the following four conditions are satisfied:

> (1) At the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;
>
> (2) Subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;
>
> (3) The prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and
>
> (4) Due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*Wheeler*, 886 F.3d at 429; *see also Lester v. Flournoy*, 909 F.3d 708, 712 (4th Cir. 2018) (applying *Wheeler*). The *Wheeler* court also affirmed that the requirements of the savings clause are jurisdictional. Thus, a § 2241 petitioner relying on the savings clause to challenge his

3

sentence must meet the *Wheeler* test for the district court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims. *Id.* at 423–26.

As an initial matter, Robinson filed his first § 2255 motion *after* the Supreme Court decision on which he relies—*Mathis*—was decided. That alone would preclude him from establishing the second *Wheeler* factor. In any event, the Fourth Circuit has held that a claim based on *Mathis* does not "satisfy the test in *Wheeler*, because *Mathis* has not been deemed to apply retroactively on collateral review." *Copeland v. Kassell*, 733 F. App'x 717, 717 (4th Cir. 2018) (per curiam) (citing *Dimott v. United States*, 881 F.3d 232, 234 (1st Cir. 2018)); *Muhammad v. Wilson*, 715 F. App'x 251, 252 (4th Cir. 2017) ("*Mathis* did not announce a substantive change to the law."). Numerous district courts, including this one, are in accord. *E.g.*, *Brown v. Warden*, No. 5:17CV181, 2019 WL 5212896, at *3 (N.D.W. Va. Oct. 16, 2019); *Davis v. Rickard*, No. CV-1:18-01192, 2019 WL 4780814, at *3 (S.D.W. Va. Sept. 30, 2019); *Abdul-Sabur v. United States*, No. 7:18CV00107, 2019 WL 4040697, at *3 (W.D. Va. Aug. 27, 2019); *Waddy v. Warden*, No. 3:17CV802, 2019 WL 3755496, at *3–4 (E.D. Va. Aug. 8, 2019). Thus, Robinson cannot rely on *Mathis* to satisfy the second prong of the *Wheeler* test.

Having found that Robinson does not satisfy the *Wheeler* test for seeking relief under the savings cause clause of § 2255(e), he does not qualify for sentencing relief under § 2241, and jurisdiction over his § 2241 petition is lacking. Accordingly, I will dismiss his petition without prejudice for lack of jurisdiction. All other motions will be dismissed as moot.

An appropriate order will be entered.

**ENTER**: This 6th day of November, 2019.

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE